**United States District Court**
For the Northern District of California

1
2
3                                                    *E-FILED ON 9/23/05*
4
5
6
7                                    NOT FOR CITATION
8                       IN THE UNITED STATES DISTRICT COURT
9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                                  SAN JOSE DIVISION
11   EQUAL EMPLOYMENT OPPORTUNITY                    No. C04-01954 JW (HRL)
     COMMISSION,
12                                                   **ORDER GRANTING IN PART AND**
                 Plaintiff,                          **DENYING IN PART PLAINTIFF'S**
13                                                   **MOTION TO COMPEL DISCOVERY**
           v.                                        **RESPONSES**
14
     CITY OF SAN JOSE,
15                                                   **[Re: Docket No. 22]**
                 Defendant.
16
17   _____/
18         On September 13, 2005, this court heard the "Motion to Compel Discovery Responses" filed
19   by plaintiff, the Equal Employment Opportunity Commission ("EEOC").  Defendant City of San Jose
20   ("City") opposed the motion.  The EEOC's motion raised a number of issues.  At the hearing,
21   however, the parties confirmed that the only remaining issue is whether the City should be compelled
22   to produce certain employee personnel files.  Upon consideration of the papers filed by the parties, as
23   well as the arguments of counsel, the court issues the following order.
24                                    **I.  BACKGROUND**
25         This action was brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621,
26   *et seq.*  The EEOC alleges that the City failed to promote James Yu (then age 73) to the position of
27   Heavy Diesel Engine Operator Mechanic (HDEOM) at the Water Pollution and Control Plant
28   because of his age.  The City denies that Yu's age was a factor in the promotion decision.

**United States District Court**
For the Northern District of California

The EEOC propounded several document requests (Request Nos. 1, 2, and 10-12) which sought the production of the entire personnel files of (1) individuals identified as Yu's comparators (i.e., Salvador Campos and Gregory Reed); (2) individuals who conducted the interviews for the HDEOM position (i.e., Chuck Hagenmaier, Rick Mainarick, and Ted Peck); and (3) other individuals whose actions (or inaction) the EEOC claims have a direct bearing on its claims in this litigation (i.e., Donna Lea Fujimoto, Angelica Talosig-Smith and Bianca Adams).

The City has agreed to produce the entire personnel files of the identified comparators, Campos and Reed. It also agreed to produce any documents from the personnel files of the interviewers – Hagenmaier, Mainarick and Peck – which relate to any alleged discriminatory conduct by them, even beyond the discrimination alleged in this lawsuit. However, the City now says that there are no such documents in the interviewers' files, and it refuses to produce any other documents from those files. It also refuses to produce the personnel files of Fujimoto, Talosig-Smith and Adams whom the City says had no role in the promotion decision at issue.

The City contends that (1) the documents sought by the EEOC are protected by these individuals' privacy interests in their personnel records and (2) the EEOC has no need for documents beyond that which the City has already agreed to provide. It also objects to producing the requested documents on the ground that they are protected by the official information privilege. The EEOC argues that (1) its need for the documents outweigh any privacy interests and (2) the City has failed to establish that the official information privilege attaches to the documents in question.

## II. DISCUSSION

In federal question cases, discovery privileges are governed by federal law. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). Nevertheless, "federal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes." *Id.* "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

**United States District Court**
For the Northern District of California

**A.  Interviewers' Personnel Files**

With respect to the interviewers – Hagenmaier, Mainarick and Peck – at the hearing, the EEOC acknowledged that it does not need the entire personnel files.  It nevertheless maintained that it is entitled to discovery of the following personnel records: (1) documents pertaining to the interviewers' work history (e.g., resumes, work assignments, work schedules, and applications for employment and promotions) and (2) performance evaluations.  It argues that it needs this information to (1) fill gaps re dates in these individuals' deposition testimony; and (2) explore witness credibility and challenge any assertion by the City that these individuals were exemplary employees.

The EEOC's motion as to these files is DENIED.  The EEOC has not, in the first instance, demonstrated a compelling need for the personnel files that outweighs these individuals' privacy interests.  The EEOC contends that production of these documents is warranted because the interviewers were key participants in the alleged discrimination.  However, the only case it cites in support of its motion, *Peterson v. City College of the City University of New York*, 160 F.R.D. 22 (S.D.N.Y. 1994), concerned the production of the personnel files of persons who were given tenure over the plaintiff, i.e., comparators.  As noted above, the files of the identified comparators are not at issue here.  Moreover, the court is unpersuaded that information of equivalent value is not available through other less intrusive means, such as interrogatories.

**B.  Other Personnel Files**

Donna Lea Fujimoto and Angelica Talosig-Smith are identified as City human resource personnel who had responsibility for establishing the promotion policies and procedures in question at the Water Pollution and Control Plant.  The EEOC further asserts that one or both of them modified the minimum criteria for the HDEOM position at issue and claims that, without the modification, Campos would not have been given the position.  Bianca Adams is identified as the employee of the City's Equality Assurance Office who reviewed Yu's internal complaints of discrimination.

The EEOC contends that the HDEOM interview and promotion process was flawed and biased.  As such, it seeks any documents which relate or pertain to the HDEOM position, any modification of the qualifications for that position, as well as any documents relating to the interview and hiring process for the position.  It also seeks documents pertaining to any anti-discrimination

**United States District Court**
For the Northern District of California

training these individuals may have received, asserting that such information is relevant to damages. Further, it seeks all documents from these personnel files pertaining to these individuals' work history and performance, which the EEOC says is necessary to explore witness credibility and to challenge any assertion by the City that they were model employees.

The City asserts that these personnel files are entirely irrelevant because these individuals had no role in the promotion decision at issue. However, its papers suggest that one or more of these women monitored the interview process or reviewed the interview process after-the-fact. In any event, the City's counsel stated at the hearing that he did not know of a reason why documents pertaining to the alleged flaws in the process should be withheld. Accordingly, the EEOC's motion is GRANTED as to (a) any documents which discuss, refer, relate or pertain to the creation, modification or establishment of criteria for the HDEOM position; (b) any documents which discuss, refer, relate or pertain to the hiring and interview process for the HDEOM position; and (c) any documents which discuss, refer, relate, pertain, indicate, suggest or implicate alleged discrimination or bias in (i) creating, establishing or modifying the criteria for the HDEOM position or (ii) the interview and hiring process for the HDEOM position.

The EEOC's motion is also GRANTED with respect to any documents which pertain to training these individuals may have received re anti-discrimination in hiring policies and procedures. Such information is relevant or reasonably calculated to lead the discovery of admissible evidence as to these individuals' knowledge of anti-discrimination laws. *See* 29 U.S.C. § 626(b) (stating "[t]hat liquidated damages shall be payable only in cases of willful violations of this chapter."). Moreover, the court finds that any privacy interests in such training information may be sufficiently addressed through a carefully crafted protective order. Indeed, the EEOC indicates that it has agreed to enter into a protective order with the City.

Further, while government personnel files are considered "official information" (*see Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991)), this court must nevertheless determine whether the official information privilege attaches to the training records in question. Here, Mark

4

United States District Court

For the Northern District of California

1    Danaj's declaration[1] fails to meet the test.  Specifically, his affidavit does not sufficiently explain how

2    disclosure subject to a carefully crafted protective order would create a substantial risk of harm to

3    significant governmental or privacy interests.  *See Kelly*, 114 F.R.D. at 670.  Accordingly, the court

4    will order such training records produced.  *See id.* at 671 ("If the court concludes . . . that defendant's

5    submissions are not sufficient to meet its threshold burdens, the court will order disclosure of the

6    material.").

7         The EEOC's motion as to these individuals' personnel records (e.g., work history and

8    performance evaluations) is otherwise DENIED.  The EEOC has not, in the first instance, sufficiently

9    demonstrated a compelling need for other documents which outweighs these individuals' privacy

10   interests.

### III.  ORDER

12        Based on the foregoing, IT IS ORDERED THAT:

13        1.    The EEOC's motion to compel further documents from the personnel files of Chuck

14   Hagenmaier, Rick Mainarick and Ted Peck is DENIED.

15        2.    The EEOC's motion to compel the production of the personnel files of Donna Lea

16   Fujimoto, Angelica Talosig Smith and Bianca Adams is GRANTED IN PART AND DENIED IN

17   PART.  **No later than September 28, 2005**, the City shall produce:

18        (a)    any documents which discuss, refer, relate or pertain to the creation, modification or

19               establishment of criteria for the HDEOM position;

20        (b)    any documents which discuss, refer, relate or pertain to the hiring and interview

21               process for the HDEOM position;

22        (c)    any documents which discuss, refer, relate, pertain, indicate, suggest or implicate

23               alleged discrimination or bias in creating, establishing or modifying the criteria for the

24               HDEOM position or in the interview and hiring process for the HDEOM position; and

27        [1]    Several City declarations were submitted with the EEOC's moving papers.
28   However, the City relies upon the Danaj declaration and indicates that it is the pertinent declaration
     for evaluating the whether the official information privilege attaches to the personnel records at
     issue.

(d)      any documents showing the training these individuals may have received re anti-

discrimination in hiring policies and procedures.

The information shall not be used or disseminated for any purpose not directly related to the

prosecution or defense of this matter.[2]  The EEOC's motion as to these individuals' personnel files is

otherwise DENIED.

3.      The parties advise that they have resolved all other issues raised in the EEOC's

motion.  Accordingly, issues not specifically addressed in this order are denied as moot.

IT IS SO ORDERED.

Dated:  September 23, 2005

/s/ electronic signature authorized
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**

For the Northern District of California

---

[2]      To the extent the parties decide that other or further protection of the information is appropriate, they should meet-and-confer to attempt to agree upon additional terms.

1    5:04-cv-1954 Notice will be electronically mailed to:

2    Robert R. Fabela    CAO.Main@sanjoseca.gov

3    Marcia L. Mitchell    marcia.mitchell@eeoc.gov,

4    William Robert Tamayo    william.tamayo@eeoc.gov

5    Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California