RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
ROBERT FABELA, Sr. Deputy City Attorney (#148098)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California 95113
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131

*E-FILED ON 11/21/05*

Attorneys for CITY OF SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case Number:  C 04-01954 JW<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br>AND ADDENDUM TO PROTECTIVE ORDER<br>(MODIFIED BY THE COURT) |

## STIPULATION

The undersigned parties hereby stipulate and agree as follows with regard to the use of documents and information obtained during the course of discovery in the above-captioned action:

Pursuant to Fed.R. Civ.P. 26(c),

1.   The parties hereto are prohibited from disclosing information or documents obtained in discovery from another party to this action and subject to this Protective Order, including, but not limited to publishing, sharing, discussing, disseminating, describing or otherwise making public such information/documents for purposes unconnected with this litigation or another law enforcement proceeding involving the EEOC.  However, nothing in this Stipulated Protective Order would prevent the EEOC from disclosing information to the

– 1 –

1. extent that such disclosure is mandated by the EEOC Office of Legal Counsel or a court pursuant to a Freedom of Information Act request. However, the EEOC shall notify the Office of the San Jose City Attorney prior to any such disclosure. Such notice shall be given to allow sufficient time for the City to object to the disclosure of any requested information.

2. This Stipulated Protective Order encompasses all information or documents obtained in discovery from another party, including but not limited to responses to interrogatories, requests for admission and requests for documents, and deposition testimony, that are designated in good faith by a party, a third party, or a witness as "Confidential" on the grounds that such document or discovery response consists of or contains either: (i) nonpublic information that is privileged pursuant to constitution, statute, or regulation of the State of California or the United States; or (ii) nonpublic information the disclosure of which could cause harm to the disclosing party or a third party ("Confidential Information"). **(See Addendum to Protective Order).**

3. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "Confidential – Attorney's Eyes Only" (hereinafter "Attorney's Eyes Only Material"). **(See Addendum to Protective Order).** Attorney's Eyes Only Material, and the information contained herein, shall be disclosed only to the Court **(and its personnel)** and to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), but shall not be disclosed to a party or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

4. Each party retains the right to challenge any such designation for "Confidential" of "Attorney's Eyes Only" as described in paragraph 1 or 2 above.

5. Any party must obtain an agreement from the disclosing party(ies) or leave of Court, prior to disclosing any Confidential Information to any person or party, other than their attorneys and their attorneys' staff/employees, or to regular employees of that party actively involved in preparing this case. Agreement or leave of Court is not required ~~to disclose any~~

1  ~~Confidential Information to any other party to this action, or~~ to include Confidential
2  Information in any submission to the Court or ADR provider necessary to the prosecution or
3  defense of the claims in this action. **(See Addendum to Protective Order).**

4      6.    This Order shall not affect any party's right to object to the use in this action of
5  documents or information on any ground. Consent to and entry of this Order shall not restrict
6  the right of any party to file an application for an order seeking modification of this Order or
7  further protection.  Neither this Order nor the designation of any documents, tangible items
8  or information as Confidential shall constitute an admission or acknowledgment by any party
9  that any such documents or information are, in fact, confidential, proprietary or otherwise
10 protected.  This Order shall be without prejudice to the right of parties (1) to bring before the
11 court at any time the question of whether any particular document or information s
12 confidential or whether its use shall continue to be restricted; or (2) to present a motion to
13 the court for a separate protective order as to any particular document or information
14 including restrictions separate from those specified herein. **The parties shall meet-and-confer in good faith to resolve any dispute before seeking judicial intervention.**
15     7.    The parties agree that all documents designated as Confidential and subject
16 to this Stipulated Protective Order shall be segregated from other documents produced
17 during the course of litigation and shall be clearly marked "Confidential/Do Not Disclose."
18 The EEOC will also mark the documents with the words "Consult Office of Legal Counsel."

19     8.    Nothing herein shall limit in any way the ability of any party to submit to the
20 Court in connection with any pretrial proceeding or trial documents or information subject to
21 this Stipulated Protective Order. **(See Addendum to Protective Order).** Nothing herein shall limit in any way the use of any
22 document or information, once the Court has admitted into evidence.  Nothing herein shall
23 be construed as prohibiting discussion or publication as to the general progress of the
24 litigation or any matter that is part of the public records of this case.  Nothing herein shall
25 limit in any way the ability of any party to publish, share, discuss, disseminate, describe, or
26 otherwise use any document or information not obtained from another party to this action in
27 discovery.

28

9.  Any party violating the terms of this Stipulated Protective Order shall, upon motion of the producing party and at the discretion of the Court, be subject to contempt or the remedies set forth in Rule 37 of the Federal Rules of Civil Procedure, in accordance with the nature, severity and willfulness of the violation.  The Court ~~shall have continuing~~ will retain jurisdiction to enforce the terms of this Stipulated Protective Order, **for a period of six months after the final termination of this action.**

Dated: November 17, 2005        RICHARD DOYLE, City Attorney

By: /s/ Robert Fabela
ROBERT FABELA
Sr. Deputy City Attorney

Attorney for Defendant
City of San Jose

Dated: November 16, 2005        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ Marcia Mitchell
MARCIA MITCHELL
Sr. Trial Attorney

Attorney for Plaintiff
Equal Employment Opportunity Commission

**PURSUANT TO THE PARTIES' STIPULATION (AS MODIFIED BY THE COURT), IT IS SO ORDERED.**

**Dated:  November 21, 2005**        **/s/ Howard R. Lloyd**
**United States Magistrate Judge**

# ADDENDUM TO PROTECTIVE ORDER
Equal Employment Opportunity Commission v. City of San Jose
Case No. C04-01954 JW (HRL)

IT IS HEREBY ORDERED as follows:

<u>DESIGNATION OF DOCUMENTS</u>

The Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass or indiscriminate designations are prohibited. Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

<u>FILING DOCUMENTS UNDER SEAL</u>

The Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. A party that seeks to file under seal any material designated "Confidential" or "Confidential – Attorney's Eyes Only" must comply with Civil Local Rule 79-5.

**5:04-cv-1954 Notice will be electronically mailed to:**

Robert R. Fabela CAO.Main@sanjoseca.gov

Marcia L. Mitchell marcia.mitchell@eeoc.gov,

William Robert Tamayo william.tamayo@eeoc.gov, pat.tickler@eeoc.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.