WILLIAM R. TAMAYO - #0844965 (CA)
JONATHON T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
SANYA HILL-MAXION - #18739
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone Number: (415) 625-5651
Facsimile Number:  (415) 625-5657

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | CIVIL ACTION NO.  C-04-01954-JW<br><br>**CONSENT DECREE** |

### I.   INTRODUCTION

On May 18, 2004, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §626(b).  Plaintiff alleged that Defendant failed to promote James Yu ("Yu") to the position of Heavy Diesel Equipment Operator Mechanic ("HDEOM") because of his age.

On June 27, 2004, Defendant, City of San Jose ("San Jose"), answered the complaint and denied liability on all claims asserted by the EEOC.

The EEOC and San Jose want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.  They enter

1  into this Consent Decree to further the objectives of equal employment opportunity as set forth in the
2  ADEA.

## II.   NON-ADMISSION OF LIABILITY

This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of the ADEA by San Jose.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III.   GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes a full resolution of Plaintiff's complaint in Civil Action No. 04-01954 JW and the facts alleged in the underlying charge of discrimination filed by Mr. Yu with the EEOC and the DFEH alleging discrimination on the basis of age, race, and national origin.

3. This Consent Decree shall become effective upon its entry by the Court.

4. Each party shall bear its own costs and attorneys fees.

## IV.   INJUNCTIVE RELIEF

1. *Age Discrimination*:   San Jose, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them will comply with all requirement of the ADEA with respect to providing a work environment free from discrimination on the basis age.

2. *Retaliation*:   Consistent with 29 U.S.C. §623(d), San Jose, its officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of San Jose because he or she opposed any practice of age discrimination made unlawful under the ADEA; filed a Charge of Discrimination alleging any such practice; testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by San Jose), proceeding or

hearing in connection with this case and/or relating to any claim of age discrimination; or was identified as a possible witness in this action.

### V. MONETARY RELIEF

1. San Jose will pay James Yu the gross sum total of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), less all required federal and state payroll withholdings, in full settlement of the discrimination claims made in this lawsuit and his underlying charge of discrimination.

2. The settlement amount above, is being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civil Action No. C-04-01954-JW, U.S. District Court for the Northern District of California.

3. The monetary relief shall be paid as follows:

    a. Within fifteen days of the entry of this Consent Decree, San Jose will issue a check in the amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), less all required federal and state payroll withholdings, to James Yu. San Jose shall make payment in the form of a business check, cashier's check, or certified check made payable to James Yu.

    d. San Jose will mail the check to James Yu and will send a copy of each check to Marcia Mitchell, Senior Trial Attorney, for the EEOC within ten (10) days of mailing the checks.

### VI. INJUNCTIVE RELIEF

(1) *Anti-Discrimination Training.* Within ninety (90) days of entry of this decree, San Jose will develop and present to all managers, supervisors, and Employee Services employees at the Water Pollution Control Plant who have any responsibilities for hiring (including promotion) at least of training on discrimination and retaliation issues in employment. The cost of the training will be borne by San Jose.

    (a) The training described in the preceding paragraph shall be provided by individuals with established experience in the area of employment discrimination, harassment, and retaliation and particularly, in the ADEA and applicable California law. The training will include examples of hiring practices that violate the ADEA and applicable non-discrimination laws, both state and federal. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of San Jose's Anti-Discrimination

and Harassment policy. The training will be separate and apart from the mandatory sexual harassment training provided by the City pursuant to California Assembly Bill 1825.

(b) San Jose shall provide to the EEOC thirty (30) days in advance of the training a copy of the course syllabus, outline, or Power-Point™ slides for the training. Following the training session, all participants shall be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future trainings.

(c) San Jose will retain records of the training session, listing the date on which it held the training and identifying the persons who attended and those who did not attend. San Jose will provide a copy of these records, the training materials and the completed post-training questionnaire to the EEOC within thirty (30) days of completion of the training.

(2) *Interview Coaching for James Yu*: If James Yu decides to re-apply for an HDEOM vacancy, San Jose will provide Yu with reasonable pre-interview training to enhance his interview skills upon his written request. Mr. Yu must submit his request for training in writing within 30 days of the scheduled interviews so that training can be effectively planned and scheduled. The training will be provided by either the Employee Services Department, an Environmental Services Department employee trained in personnel issues, or an outside service provider. The cost of the coaching will be borne by San Jose.

(a) Mr. Yu will submit his request for training in writing via e-mail or letter to the WPCP Deputy Director with copies to the Office of the City Attorney and the EEOC. Within fifteen (15) days of Mr. Yu requesting interview training, San Jose will submit to the EEOC a summary of the coaching Mr. Yu will receive.

(3) *Non-Disparagement:* As reflected in Exhibit A to this Decree, James Yu and San Jose acknowledge that the lawsuit has been amicably resolved. Yu and San Jose agree to refrain from disparaging each other with relation to the facts of this lawsuit. Yu will not discuss the terms of the settlement with anyone other than his wife or financial advisor(s), and will respond to any inquiries regarding the terms of the settlement by saying that the matter has been resolved to the satisfaction of both parties.

## VII. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. This Consent Decree shall terminate within three (3) years from the date of entry by the court, unless the EEOC petitions this court for an extension of the Decree because of noncompliance by San Jose. If the EEOC determines that San Jose has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach to San Jose and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the court and the court finds San Jose to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:

_____
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____ 4/29/06
MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On behalf of City of San Jose

RICHARD DOYLE, City Attorney

_____
ROBERT FABELA
Sr. Deputy City Attorney

IT IS SO ORDERED:

DATED: 07/07/06

*[signature: James Ware]*

HONORABLE JAMES WARE
UNITED STATES DISTRICT COURT JUDGE

## NON-DISPARAGEMENT AGREEMENT

This Agreement is made between James Yu and the City of San Jose ("City") as consideration for settlement of the lawsuit, EEOC v. City of San Jose, Civ. No. 04 01954 JW. James Yu and San Jose acknowledge that the lawsuit has been amicably resolved. James Yu and the City agree to refrain from disparaging each other with relation to the facts of this lawsuit. For purposes of this Non-Disparagement Agreement only, the "City" includes only managerial employees.

James Yu agrees not to discuss the terms of the settlement with anyone other than his wife or financial advisor(s), and will respond to any inquiries regarding the terms of the settlement by saying that the matter has been resolved to the satisfaction of both parties.

DATED: 6-29-06  By: _____
James Yu

DATED: 6/28/06  By: _____
George Rios
Assistant City Attorney
City of San Jose


ATTACHMENT A
EEOC v. CITY OF SAN JOSE
CIV.NO. C 04 01954 JW